**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| CLARENCE GRIFFIN, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No.: **1:17-cv-1419-TSE-IDD** |
| | ) |
| DEPARTMENT OF LABOR FEDERAL | ) |
| CREDIT UNION, | ) |
| | ) |
| *Defendant.* | ) |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

COMES NOW, Plaintiff Clarence Griffin, by counsel, and hereby objects to Defendant Department of Labor Federal Credit Union's ("Defendant") Notice of Supplemental Authority filed on January 30, 2018 at Docket No. 11 on the following bases:

First, the recent decision in *Carroll v. Northwest Federal Credit Union,* 1:17-cv-01205 (E.D. Va. Jan. 26, 2018) (ECF No. 4) (referred to herein as the "Northwest FCU decision") by the Honorable Claude M. Hilton is not binding upon this Court. *Camreta v. Greene*, 563 U.S. 692, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 Moore's Federal Practice § 134.02[1][d]).

Second, the Northwest FCU decision dismissed the plaintiff's complaint "*without prejudice*" and the parties have agreed to the filing of a first amended complaint therein, filed January 31, 2018.  *See Carroll v. Northwest Federal Credit Union,* 1:17-cv-01205 (E.D. Va. Jan. 26, 2018) (ECF Nos. 25, 26) (emphasis added).

Third, the Northwest FCU decision's membership field analysis failed to consider binding Fourth Circuit authority in *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447 (4th Cir. Dec. 21, 2017) (holding neither an ADA plaintiff's status as a "tester" nor his litigation history strips him of standing to sue a defendant in a Title III ADA action).

Lastly, the Northwest FCU decision determined websites were not places of public accommodation for purposes of the ADA, but did not address, much less analyze, the plaintiff's allegation that the Defendant's website is a "service[], privilege[], advantage[], [and] accommodation[] *of* [the defendant's] place of public accommodation" and thus subject to the ADA's Title III mandate that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment thereof. 42 U.S.C. § 12182(a) (emphasis added).

Dated: February 1, 2018                    Respectfully submitted,

                                           /s/ Thomas E. Strelka
                                           Thomas E. Strelka, Esquire
                                           L. Leigh R. Strelka, Esquire
                                           STRELKA LAW OFFICE, P.C.
                                           Warehouse Row
                                           119 Norfolk Avenue, SW, Suite 330
                                           Roanoke, VA 24011
                                           (540) 283-0802
                                           thomas@strelkalaw.com
                                           leigh@strelkalaw.com

                                           *Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2018, the foregoing was electronically field with the Clerk of Court using the CM/ECF system, which will send notification to the following:

John M. Bredehoft, Esquire
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
jmbredehoft@kaufcan.com

Randy C. Sparks, Jr., Esquire
KAUFMAN & CANOLES, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, VA 23219
rcsparks@kaufcan.com

*Counsel for Defendant*

/s/ Thomas E. Strelka
Thomas E. Strelka, Esquire
L. Leigh R. Strelka, Esquire
STRELKA LAW OFFICE, P.C.
Warehouse Row
119 Norfolk Avenue, SW, Suite 330
Roanoke, VA 24011
(540) 283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com

*Counsel for Plaintiff*