IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CLARENCE GRIFFIN, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF LABOR FEDERAL )<br>CREDIT UNION, )<br>   Defendant. ) | Case No. 1:17-cv-1419 |

### ORDER

At issue on a threshold dismissal motion in this Americans with Disabilities Act[1] case is whether the plaintiff has standing to bring suit for injunctive relief against defendant, a credit union of which plaintiff is not and cannot be a member. The matter has been fully briefed and argued orally and is now ripe for disposition.

### I.

Plaintiff, Clarence Griffin, is a permanently blind resident of Virginia. To accommodate his visual impairment plaintiff uses a screen reader to access the internet and read website content.

Defendant, the Department of Labor Federal Credit Union ("DOL FCU") is a federal credit union providing banking services to members of the Department of Labor and their families. DOL FCU is a multiple common bond credit union, meaning that its membership is open only to individuals who share a "common bond of occupation or association." 12 U.S.C. § 1759(b)(2). Importantly, DOL FCU's membership is open only to current of former employees of the Department of Labor or their immediate family or household members.

---

[1] 42 U.S.C. § 12181 *et seq.*

1

According to the complaint, in October 2017 plaintiff attempted to access DOL FCU's website to learn about its services and branch locations. The complaint alleges plaintiff was not able to use the website to locate DOL FCU facilities and ATM locations, and to learn about the services DOL FCU offers potential customers because the website does not include certain accommodations for blind users. Specifically, the complaint alleges that DOL FCU's website has three "barriers" that prevent blind users such as plaintiff from using the website:

> (i) Linked images are missing alternative text code. This alternative text allows the screen reader to provide an oral description of a picture and its linked services when the blind user moves his mouse over an image on the website. The complaint alleges that the failure to include alternative text code prevents blind users from accessing portions of the webpage linked through images.
>
> (ii) Redundant links that direct users to the same location as other links on the website. When a user clicks on the redundant link, he or she may be required to take additional steps to reach the content the user actually intends to use.
>
> (iii) Missing form labels which prevent the screen reader from communicating to the blind user what the user needs to enter into a field on the webpage. Entering information into forms is often necessary to access further information on a webpage.

Based on these barriers, the complaint alleges the DOL FCU violated the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* by failing to make reasonable modifications to its policies and practices necessary to make its services accessible to the disabled.[2] The complaint seeks injunctive relief as well as costs and attorneys' fees.

## II.

The appropriate starting point for analysis of DOL FCU's motion to dismiss is the Article III standing issue, as the absence of standing deprives a court of the power to adjudicate anything further about the case. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (standing is "the threshold

---

[2] DOL FCU also filed a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing that a website is not a place of public accommodation and that the complaint fails to allege a sufficient nexus between DOL FCU's website and access to DOL FCU's financial services offered at its brick-and-mortar locations. Because plaintiff lacks standing, only DOL FCU's 12(b)(1) motion is addressed here.

question in every federal case, determining the power of the court to entertain the suit."). It is axiomatic that for a plaintiff to have standing to sue under Article III of the Constitution, he must allege and prove injury in fact (i) that is "concrete and particularized," not "conjectural or hypothetical," (ii) that is fairly traceable to defendant's conduct, and (iii) that will likely prove redressable via a favorable ruling from the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Supreme Court has also "repeatedly reiterated that 'threatened injury must be certainly impending to constitute injury in fact,' and that '[a]llegations of possible future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Furthermore, "[t]he party invoking jurisdiction bears the burden of establishing" that he or she has standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). And because injury-in-fact is a constitutional requirement, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-48. Thus, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. at 1549. A violation of a statute "divorced from any concrete harm" is not sufficient to allege an injury-in-fact sufficient to meet Article III standing requirements. *Id.* at 1549.

These principles, applied here, clearly demonstrate that plaintiff cannot make a showing of concrete injury because plaintiff has not and cannot allege (i) that he is a member of DOL FCU, (ii) that he is within DOL FCU's limited field of membership, or (iii) that he could ever be a member of DOL FCU. Under the Federal Credit Union Act ("FCUA"), "the membership of any Federal credit union shall be limited to the membership described in one of the following categories": single-common bond credit union, multiple common-bond credit union, and

community credit union. *See* 12 U.S.C. § 1759(b). Only individuals within the membership field of the particular credit union may join the credit union and utilize its financial services. *Id.* DOL FCU's is a multiple common bond credit union with a membership field that includes employees, retirees, immediate family members, or spouses of a deceased member of one of the Department of Labor's Eligible Organizations. Thus, only persons falling within DOL FCU's membership field may utilize the financial services offered by DOL FCU.

The complaint alleges that plaintiff is an adult resident of Virginia, but plaintiff has not alleged that he is an employee of the Department of Labor or otherwise an eligible individual within DOL FCU's membership field. Because plaintiff is not eligible for membership plaintiff cannot establish that he has suffered an actual or imminent, concrete and particularized injury. Without membership or even the ability to become a member, there is no harm to plaintiff resulting from his inability to access information about DOL FCU's services. The complaint's allegation that DOL FCU's website violates the ADA is insufficient to satisfy the injury-in-fact requirement because under *Spokeo* Article III requires that the alleged statutory violation cause a real and actual harm to the plaintiff. 136 S. Ct. at 1547. Because plaintiff is not permitted to utilize DOL FCU's financial services, he has suffered no concrete injury as a result of being denied access to DOL FCU's website.

Seeking to avoid this result, plaintiff argues that his injury-in-fact was the harm to his dignity he suffered from being unable to access DOL FCU's webpage. Although plaintiff is undoubtedly correct that intangible harms can confer standing, intangible harm does not do so here. First, plaintiff did not allege an injury to dignity in the complaint, he only alleged that he was deterred from accessing DOL FCU's services. Second, the ADA's accessibility requirements for places of public accommodation are designed to allow disabled persons to

access and patronize public accommodations, and plaintiff does not cite a single ADA case where a dignitary harm alone was sufficient to confer standing on a plaintiff who otherwise was not allowed to patronize a particular public accommodation. Third, if a dignitary harm based on an encounter with an allegedly discriminatory barrier to access of a public accommodation were sufficient to confer standing on a plaintiff, then any disabled person who learned of any barrier to access would automatically have standing to challenge the barrier, thereby essentially eliminating the injury-in-fact requirement. Such a result runs counter to the Supreme Court's emphatic statement that a violation of a statute "divorced from any concrete harm" is not sufficient to allege an injury-in-fact. *Spokeo, Inc.*, 136 S. Ct. at 1549.

Finally, there is no allegation in the complaint that would support plaintiff's claim for injunctive relief. As the Supreme Court has clearly stated, a plaintiff seeking injunctive relief must demonstrate that there is a non-speculative, imminent threat of repeated future injury to establish injury-in-fact sufficient to support injunctive relief and that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 106-07 (1983) (plaintiff could not establish standing to seek an injunction without alleging that "he was likely to suffer future injury"). Indeed, in the context of ADA suits for injunctive relief, courts have uniformly required plaintiffs to allege that they have a plausible intention to return to patronize a public accommodation. *See, e.g., Nanni v. Aberdeen Marketplace, Inc.*, 2017 WL 6521299 (4th Cir.

Dec. 21, 2017) (holding that an ADA plaintiff had standing to pursue injunctive relief based on the complaints plausible allegations that plaintiff intended to visit the market in the future).[3]

The complaint here does not allege that that plaintiff has any plan to become a member of DOL FCU, nor that plaintiff has any intention of even investigating whether he could become a member of DOL FCU. Moreover, as explained above, plaintiff could not plausibly allege intent to become a member of DOL FCU because plaintiff is barred from membership. Thus, even if plaintiff had standing to pursue an ADA claim for damages, plaintiff has failed to allege facts plausibly supporting standing to pursue injunctive relief.

Plaintiff seeks to avoid this result by relying on the Fourth Circuit's decision in *Nanni v. Aberdeen Marketplace, Inc.*, 2017 WL 6521299 (4th Cir. Dec. 21, 2017) supports his contention that he has standing to challenge the DOL FCU's alleged ADA violations. That reliance is misplace; *Nanni* is plainly distinguishable. In *Nanni*, the Fourth Circuit held that an individual in a wheelchair had standing to sue where he had encountered an accessibility barrier to a marketplace and then plausibly alleged an intent to return to the physical marketplace had standing to assert an ADA claim based on the marketplace's failure to make the physical marketplace accessible to the disabled. *Nanni* is readily distinguishable from this case because the plaintiff in *Nanni*, unlike the plaintiff here, was an eligible customer of the otherwise public marketplace and plaintiff alleged an intent to return to the marketplace. Here, by contrast, the complaint has not alleged that plaintiff has any entitlement at all, present or future, to access

---

[3] *See also Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir.2000) (holding that the plaintiff must show that he or she would visit a public accommodation but for access barriers); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137–38 (9th Cir. 2002) (same); *Molski v. Arbv's Huntington Beach*, 359 F.Supp.2d 938, 946 (C.D.Cal. 2005); *Parr v. L & L Drive–Inn Rest.*, 96 F.Supp.2d 1065, 1079–80 (D.Haw. 2000) (same); *Davis v. Flexman*, 109 F.Supp.2d 776, 784 (S.D.Ohio 1999) (patient lacked standing to seek injunctive relief under ADA where there was no evidence that she intended to return to the clinic)

DOL FCU's commercial services, nor that plaintiff intends to access those services in the future. Thus, *Nanni* is inapposite and of no help to plaintiff.

Accordingly, for the reasons stated above and for good cause shown,

It is hereby **ORDERED** that defendant DOL FCU's motion to dismiss pursuant to rule 12(b)(1) is **GRANTED** (Doc. 3). The matter is dismissed without prejudice.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
February 21, 2018

/s/
T. S. Ellis, III
United States District Judge